IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| URIEL MENDOZA SANDOVAL, <br> #08317-479, <br>    MOVANT, <br><br> V. <br><br> UNITED STATES OF AMERICA, <br>    RESPONDENT. | § § § § § § § § § | CASE NO. 3:19-CV-2568-D-BK <br> (CRIMINAL NO. 3:17-CR-235-D) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Uriel Mendoza Sandoval's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

**I. BACKGROUND**

In 2017, Sandoval pled guilty to conspiring to possess with intent to distribute a controlled substance and, in 2018, was sentenced to 63 months' imprisonment. *United States v. Sandoval*, No. 3:17-CR-235-D, Crim. Doc. 80 (N.D. Tex. Nov. 9, 2018), *appeal dismissed*, No. 18-11477, Crim. Doc. 97 (5th Cir. Aug. 6, 2019). In this timely Section 2255 motion, Sandoval claims ineffective assistance of counsel at sentencing. Doc. 2 at 4.

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

The Court twice directed Sandoval to file a signed copy of the brief in support, but he has not responded to the Court's orders. Doc. 4; Doc. 5. That notwithstanding, the Court now concludes that he has failed to demonstrate that counsel was ineffective. Thus, the Section 2255 motion should be dismissed.

## II. ANALYSIS

To succeed on an ineffective assistance claim, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id*. at 688. Under *Strickland*'s prejudice prong, the movant additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the sentencing context, to establish prejudice, the movant must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

Sandoval asserts counsel was ineffective for failing to challenge the purity of the methamphetamine for which he was held responsible at sentencing. Doc. 2 at 4. He maintains that, as result of counsel's failure, he was "sentenced based on 'actual'" methamphetamine, which "result[ed] in a higher guideline range and sentence." *Id.* Sandoval avers that the word "actual" is not found in the plea agreement or factual resume; thus, his offense level should have been calculated based on a finding that the offense involved a mixture containing methamphetamine rather than actual methamphetamine. Doc. 2 at 4; Doc. 3 at 1; *see also* Crim. Doc. 44 at 2 (factual resume). Sandoval's argument is unavailing.

Where a defendant pleads guilty to an offense involving a mixture or substance containing methamphetamine, the "offense level [is] determined by the weight of the pure methamphetamine in the mixture or substance if doing so would result in a higher offense level." *United States v. Molina*, 469 F.3d 408, 414 (5th Cir. 2006) (citing U.S.S.G. § 2D1.1(c) n.B). Sandoval's presentence report ("PSR") reflects that the methamphetamine recovered from the Libby Lane's residence was forwarded to the DEA South Central Laboratory in Dallas, Texas, for analysis and was determined to be "dmethamphetamine hydrochloride (Ice)" with a purity of 96-97% and a total net weight of 2,265 grams. Crim. Doc. 55-1 at 6, PSR ¶ 17. As such, the PSR found Sandoval responsible "for 2.27 kilograms of Ice methamphetamine"—the quantity used to calculate his offense level. *Id.*; Crim. Doc. 55-1 at 8, PSR ¶ 28; Crim. Doc. 81 at 1, *Statement of Reasons* (accepting PSR except for finding that Sandoval was minimal participant, met criteria for safety valve provision, and did not maintain a premise).

The PSR's "reliable, unrebutted findings as to the purity of the methamphetamine . . . were sufficient to support the court's offense level determination." *United States v. Alston*, 720 F. App'x 219, 220 (5th Cir. 2018) (per curiam); *see also United States v. Alcala*, 668 F. App'x 83, 84 (5th Cir. 2016) ("[T]he 10–to–1 ratio between actual methamphetamine and a substance containing methamphetamine is not irrational or arbitrary and, as a result, does not violate the Due Process Clause." (citing *Molina*, 469 F.3d at 413-14)). Here, Sandoval has not challenged the PSR's conclusions regarding the type and purity of the methamphetamine in his Section 2255 motion. Doc. 2 at 4; Doc. 3 at 1.

On this record, Sandoval simply cannot demonstrate counsel's deficient performance or resulting prejudice. Counsel cannot be deemed ineffective for failing to make a futile objection based on the purity of the methamphetamine. *See United States v. Preston*, 209 F.3d 783, 785

(5th Cir. 2000) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness" (quotations and quoted case omitted)); *United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (per curiam) (same as to meritless guideline objection). Therefore, Sandoval's ineffective assistance claim fails. *See Baker v. United States*, No. 4:14-CR-044-A, 2016 WL 2621974, at *3 (N.D. Tex. May 5, 2016) (rejecting claim that counsel was ineffective for failing to challenge the purity of the methamphetamine where the PSR reflected some samples of the drugs were 96% pure and others were of unknown purity).

### III. CONCLUSION

For the foregoing reasons, the Section 2255 motion should be summarily **DISMISSED WITH PREJUDICE**.  *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on February 24, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).